People *ex rel.* Foote v. Dewey *et al.*

*Fence viewers — decision of, final — Division of fences.*

Where fence viewers have jurisdiction of the parties and of the subject-matter, their decision is final upon the merits, and while a certiorari to review their proceedings may be issued, the court will not review controverted questions of fact and pass upon them anew.

It is not one-half in length of a division fence which the statute requires each owner of adjoining lands to build, but a just and equal proportion with reference to the cost of construction and maintenance.

Certiorari upon the relation of Asa Foote to Ralph S. Dewey and others, the fence viewers and town clerk of the town of Sydney, Delaware county, to review proceedings for the division of a line fence between relator and one Rhinard L. French.

*Belknap & Edson,* for relator.

*F. B. Arnold,* for defendants.

Boardman, J. The 1 R. S. 353, § 35, makes the decisions of the fence viewers final. This provision of the law does not, however, prevent the issue of a writ of certiorari to review their proceedings.

It does, however, in my judgment, restrict the court to the consideration of the jurisdiction of the fence viewers. If they had jurisdiction of the parties and of the subject-matter, their decision is final upon the merits. Their decision being final upon the merits, this court would not review controverted questions of fact and pass upon them anew. *Ex parte Mayor of Albany*, 23 Wend. 277, 285.

In this case no doubt can exist that the fence viewers had jurisdiction of the persons and of the subject-matter. The statute has given it to them, upon performance of certain acts, which have been done. The counsel for the relator errs in supposing that the court will presume certain facts, such as that the lands were not cleared, or that either of the owners chose to let his lands lie open to the public, to oust the fence viewers of their jurisdiction. These are facts that must be made affirmatively to appear, before the court will take notice of them. No objection upon such grounds was taken. On the contrary, it inferentially appears that a fence had long existed between these parties, and that the lands were not open to the public. The only fact controverted was the just division of such fence; the relator claiming that it had been divided long before. Upon this issue, the matter was tried, and, upon the evidence given, it was decided. The evidence is not returned, because, by the consent of both parties, the reduction of the evidence to writing was waived. As to such claim of a former division, evidence was given by each of the parties, and the fence viewers, having decided upon such evidence that such fence had never been divided, proceeded to divide the same.

If there be any defect arising from such neglect to return the evidence, it is the fault of the relator, and cannot be heard in his favor here. But it is sufficient that the fence viewers had jurisdiction, and that they heard and decided the case upon evidence produced by the parties before them. It certainly cannot be alleged as error, nor will the court presume that the evidence was insufficient in its absence. The insufficiency must be made to appear by the return, and if the return is defective, a further and fuller return must be procured. Having the power to act, it will be presumed that they acted in pursuance of such power until the contrary appears.

There is nothing in the 1 R. S. 355, as amended by the Laws of 1866, ch. 540, that would justify the supposition indulged in by relator's counsel. It is not one-half in length which the legis-

lature requires each party to build but "a just and equal proportion of the division fence" (§ 30) — that is, just and equal with reference to the cost of construction and maintenance. Sections 31 and 32 and 43 confirm this view, in requiring parties in certain contingencies to pay a just proportion of the value of division fences to the person who has built them.

The reason for such rule is apparent in this case where it appears that some thirty rods of this division fence is "across a marsh next the Susquehanna river, liable to be overflowed by the river at certain seasons of the year, at which seasons of the year the fence in that vicinity is liable to be swept away by the floods."

It is apparent that it might reasonably cost three times as much to build and maintain that thirty rods of fence as any other thirty rods on the line. Wherefore, a *just and equal* proportion of such fence would not be one-half its entire length, but rather so many rods as would make the cost of construction and maintenance to each party equal and just.

As nothing appears in the return to indicate injustice or unfairness on the part of the fence viewers, and as they had jurisdiction of the subject-matter and of the persons, and their proceedings were regular, I am of the opinion that such proceedings ought, in all things, to be affirmed, with costs.

*Proceedings affirmed.*